IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR W.  CARSON, | § | |
| TDCJ-CID NO.  517349, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:06-CV-0252-B (BH) |
| | § | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | § | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT QUARTERMAN'S ANSWER WITH BRIEF IN SUPPORT**

Petitioner Arthur W. Carson ("Carson") challenges the constitutionality of the application of good-time and work-time credit to the calculation of his sentence by means of a petition for writ of habeas corpus under 28 U.S.C. §§ 2241, 2254.   Carson was convicted and sentenced in Dallas County, Texas; therefore, jurisdiction over the parties and the subject matter properly lies with this Court. *Wadsworth v. Johnson*, 235 F.3d 959, 960-961 (5th Cir. 2000) (holding that jurisdiction is proper in either the district where the person is in custody or the district in which the state court convicted and sentenced him) (quoting 28 U.S.C. § 2241(d)).  Respondent, Nathaniel Quarterman, Director ("the Director"), Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") denies every allegation of fact made by Carson except those supported by the record and those specifically admitted herein.  For the reasons explained below, Carson fails to demonstrate that he is entitled to federal habeas relief; therefore, the instant petition should be dismissed with prejudice**.**

---

[1]  The previous named respondent in this action was Douglas Dretke.  On June 1, 2006, Nathaniel Quarterman succeeded Dretke as Director, Texas Department of Criminal Justice, Correctional Institutions Division.   Under Federal Rule of Civil Procedure 25(d)(1), he "is automatically substituted as a party."

## STATEMENT OF THE CASE

The Director has lawful custody of Carson pursuant to a judgment and sentence of the Criminal District Court Number 2 of Dallas County, Texas in cause number F88-84596-LI, styled, *The State of Texas v. Arthur Wayne Carson*. *Ex parte Carson*, No. 8,774-09, at 12-13 (Judgment). Carson pled not guilty to the second-degree felony offense of attempted murder with a deadly weapon and was tried by a jury. *Id.* at 12-14. The jury found Carson guilty and, on July 6, 1989, sentenced him to twenty years imprisonment. *Id.*

An appellate history of this conviction is not necessary for the resolution of the instant case because Carson is not challenging his holding conviction; rather, he challenges the constitutionality of the application of good-time and work-time credits to the calculation of his sentence. Fed. Writ Pet. at 7-7B, Brief at 1-8.

On October 13, 2005, Carson filed a time-credit-dispute resolution form with the TDCJ-CID Classification and Records Office. Exhibit A.[2] As of March 19, 2006, Carson's time-credit dispute was still pending. *Id.* On October 20, 2005, Carson filed an application for state writ of habeas corpus raising the instant claims and, on January 25, 2006, the Texas Court of Criminal Appeals denied Carson's application without written order. *Ex parte Carson*, No. 8,774-20, at cover, 2, 7-8, 13-21. On February 1, 2006, Carson filed this federal petition. Brief at 8.

## STATE RECORDS

Copies of Carson's state court records were by this Court on April 17, 2006. A time-calculation letter is attached as Exhibit A, a computer-generated printout from TDCJ-CID of Carson's time credits is attached as Exhibit B, and a computer-generated printout of Carson's parole minutes from TDCJ-CID is attached as Exhibit C.

---

[2] A time-credit calculation letter and business records affidavit from the TDCJ-CID Classification and Records Office is attached as "Exhibit A."

2

## PETITIONER'S ALLEGATIONS

The Director understands Carson to raise the following grounds relief:

1.      He is being illegally detained based on false representation and misuse or non-use of accrued good-time and work-time credit in violation of his right to due process and equal protection; and

2.      The Texas Court of Criminal Appeals paper hearing was unfair and without jurisdiction.

Fed. Writ Pet. at 7-7B; Brief at 1-8.[3]

## EXHAUSTION

Carson has sufficiently exhausted his state court remedies as required by 28 U.S.C. §§ 2254(b), (c) regarding the claims stated *supra* because he raised the identical claims in his application for state writ of habeas corpus which the Texas Court of Criminal Appeals denied without written order. *Ex parte Carson*, Application No. 8,774-20, at cover, 7-8, 13-22.

## RESPONDENT QUARTERMAN'S ANSWER WITH BRIEF IN SUPPORT

### I.     Standard of Review

Carson filed this federal writ petition on February 1, 2006;[4] therefore, his petition is subject to review under the amendments to the federal habeas corpus statutes embodied in the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Brief, at 9; *see* 28 U.S.C.A. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (Holding AEDPA only applies to those noncapital habeas corpus cases filed after its effective date of April 24, 1996). Under the amended § 2254(d), Carson may not obtain federal habeas corpus relief

---

[3] The undersigned will refer to Carson's "Brief in Support of Application for Writ of Habeas Corpus" as "Brief."

[4] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Thus, the instant petition could not have been "filed" sooner than February 1, 2006, the date Carson signed it. Brief, at 8.

with respect to any claim that was adjudicated on the merits in State
court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d) (2006).

A decision is contrary to, or an unreasonable application of, clearly established federal law
"if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a
question of law or if the state court decides a case differently than [the] Court on a set of materially
indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000), (quoted in *Hill v. Johnson*,
210 F.3d 481, 485 (5th Cir. 2000)).

Absent a direct conflict with Supreme Court authority, habeas relief is available only if the
state-court decision is factually or legally unreasonable. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th
Cir. 2000).  However, an unreasonable application of federal law is *not* the equivalent of an incorrect
application.  *Williams*, 529 U.S. at 412.  A federal writ may not issue simply because the state court
incorrectly applied federal law; the application must also be unreasonable.  *Id*. at 411.  An
"unreasonable application" occurs  "if the state court identifies the correct governing legal principle
from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's
case." *Id*.

A state court's determination of a factual issue is afforded a presumption of correctness, and
the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence."
28 U.S.C. § 2254(e)(1); *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998).

Carson raised these claims in his state writ application, and the Court of Criminal Appeals
denied relief.  *Ex parte Carson*, No.  8,774-20, at cover, 7-8, 11-21.  This was an adjudication on the

4

merits. *Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (Holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than its merits). Therefore, Carson must demonstrate this decision was either and unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Carson has failed to make such a showing.

II.     **Carson's claim that he has been denied the value of his good-time and work-time credit in violation of his right to due process and equal protection is without merit and must be denied.**

        The essence of habeas corpus is an attack by a person, in custody, upon the legality of that custody, and the traditional function is to secure release from illegal confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976) (The "sole function [of a writ of habeas corpus] is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). This simply means that a state prisoner seeking federal court review of his claim pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Carson has failed to establish claims of constitutional dimension.

        Carson's claims are disagreements with Texas law, and federal habeas corpus relief is available only for the vindication of rights existing under federal law; not rights existing solely under rules of state procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). A federal habeas court does not review alleged violations of state law, but instead may consider only alleged violations of federal law. 28 U.S.C. § 2254 (2002); *Evans v. McCotter*, 790 F.2d 1232, 1238 n.6 (5th Cir. 1986). The law of this circuit provides that federal courts "do not sit as a 'super' state supreme court in a habeas corpus proceeding to review errors under state law." *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986) (citations omitted); *see Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986) ("federal courts do not sit as courts of appeal and error for state court convictions"). A claim

5

arising about the functions of the parole board is solely a question of state criminal procedure and is not cognizable on federal habeas corpus review.  As such, no federal constitutional violation is raised.  *See Carson v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983) (Federal courts do not sit to review questions of state criminal procedure).  Finally, it is not this court's responsibility to interpret the parole laws of the State of Texas.

Carson claims that TDCJ-CID is guilty of "false crediting of goodtime, (sic) or work time credits" and that those credits "should be inherently a part of [Carson's] sentence since he worked and was industrious;" however, there is no merit to his claim.  Brief, at 5.  Further, Carson contends that "good work time Credits were fraudulently incorporated to [his] sentence to deceptively manipulate, Physical and Mental exertion, excluding incentive(s)."  *Id.* at 6.  Carson's allegations are simply false.  Carson's accrued good-time and work-time credits are applicable to his eligibility for parole and are an important factor in the Board of Pardons and Paroles's decision whether or not to release him to parole.  Carson is *eligible* for parole at the Board's discretion, and will continue to be reviewed for parole at the appropriate intervals.  Exhibit A;  *see also* Exhibit C (copies of Parole Minutes Screen).

To the extent Carson's claims are interpreted to challenge the Board's continued denial of parole as a violation of due process, Carson has not stated a claim that will invoke actual due process concerns.  While procedures relative to parole may affect the duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest.  "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  Therefore, the Board's decision to deny Carson parole raises no due process concerns.  Accordingly, by challenging the Board's vote to deny him parole, Carson has not stated a claim which is cognizable under federal habeas review.  *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995); *Madison*, 104 F.3d at 767.  Therefore, his claims should be dismissed.

Carson's claims that the "unequal application of time credits soley (sic) to those with a conviction with an affirmative finding . . . is contrary to Petitioner's Property Interest rights" and that good-time credit has been applied in a "discriminatory" manner. Fed. Writ Pet. at 7A; Brief at 1. But Carson cannot demonstrate that Texas Government Code § 508.149 and Texas Code of Criminal Procedure article 42.12 § 3(g), as applied to him somehow inflict a greater punishment on him than on other similarly situated inmates. *See California Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995) (No *Ex Post Facto* violation where statutory amendment to parole statute merely "creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes, and such conjectural effects are insufficient under any threshold we might establish under the *Ex Post Facto* Clause"); *Dobbert v. Florida*, 432 U.S. 282, 293-94 (1977) (No *Ex Post Facto* violation where "the new statute simply altered the methods employed in determining whether the death penalty was to be imposed; there was no change in the quantum of punishment attached to the crime."). Therefore, Carson's claims of due process violations concerning the Texas mandatory release statute are meritless.

Finally, Carson's claims must fail because he is not eligible for release on mandatory supervision in the instant attempted murder with a deadly weapon conviction. TEX. CODE CRIM. PROC. ART. 42.18 § 8(c) (Vernon 1988). According to the mandatory supervision statute in effect when Carson committed that offense "[a] prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for an offense and the judgment for the offense contains an affirmative finding under Subdivision (2), Subsection (a), Section 3g, Article 42.12, of this code (deadly weapon finding)." *Id*. To date this law has remained unchanged, and is now codified in the Texas Government Code § 508.149 (a)(1) (West 2006). Under this statute, an inmate serving a sentence which included a deadly weapon finding is ineligible for mandatory release. *Id.* As stated, *supra*, Carson is currently serving a sentence for second-degree attempted murder with a deadly weapon which he committed on July 7, 1988. *Ex parte Carson*, No. 8,774-09, at12-13. (Judgment). Therefore, Carson's claims must fail because he is not eligible for release on mandatory supervision.

7

TEX. CODE CRIM. PROC. ART. 42.18 §8(c).

Carson has not demonstrated that the decision of the Court of Criminal Appeals was an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented, and this court should deny relief. 28 U.S.C. § 2254(d).

III.    **Carson's claim that the state habeas court improperly considered and denied his state writ application fails to state a federal constitutional violation**.

Finally, Carson argues that the "state court's paper hearing was unfair and without jurisdiction." Fed. Writ Pet. at 7. Carson claims that the court's "paper hearing was inappropriately conducted with the use of hearsay documents," and the court was "without Jurisdiction." *Id.* at 7, 7B. This claim is not cognizable on federal habeas review. The Fifth Circuit has held: "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *see Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.1999); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997); *see Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992) (same); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir.1987) (same). Even if Carson states a meritorious claim, which he has not, this court cannot provide the relief that he seeks. Therefore, his claim should be dismissed.

## CONCLUSION

Based on the foregoing, the Director requests that Carson's federal petition be denied and dismissed with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

8

DON CLEMMER
Deputy Attorney General
for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division


s/ Sallie Christian-Carnal
SALLIE CHRISTIAN-CARNAL
Assistant Attorney General
*Attorney in Charge                    State Bar No. 24031568

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 936-1400
(512) 936-1280 (FAX)
Sallie.Christian-Carnal@oag.state.tx.us


ATTORNEYS FOR RESPONDENT


## CERTIFICATE OF INTERESTED PARTIES

Under Local Rule 3.1(f) of the Northern District of Texas other than the Petitioner, Arthur W. Carson, and the Respondent, Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, counsel for the Respondent is unaware of any person with a financial interest in the outcome of this case.


s/ Sallie Christian-Carnal
SALLIE CHRISTIAN-CARNAL
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Sallie Christian-Carnal, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Quarterman's Answer with Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 14th day of June, 2006, addressed to:

Arthur W. Carson
TDCJ-ID No.  517349
Coffield Unit
Route 1 Box 150
Tennessee Colony, Texas 75884

/s Sallie Christian-Carnal
SALLIE CHRISTIAN-CARNAL
Assistant Attorney General